IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LENDA SUGG, *et al.*,

        Plaintiffs,

v.                               CIVIL ACTION NO. 2:12-cv-06033

JOHNSON & JOHNSON, *et al.*,

        Defendants.

**MEMORANADUM OPINION AND ORDER**

Pending before the court is plaintiffs' attempt to show cause for their failure to attend a Mandatory Status Conference. [ECF No. 49]. As discussed further below, the court finds that plaintiffs have not shown cause for their failure to attend the Mandatory Status Conference in 2019, and, as a result, their case must be dismissed with prejudice.

By Pretrial Orders at ECF Numbers 46 and 47, I set a Mandatory Status Conference on February 15, 2019, in Charleston, West Virginia and ordered plaintiffs and their counsel to attend in person. [ECF Nos. 46, 47]. *I warned plaintiffs that failure to comply with these Orders could result in dismissal of their case with prejudice.* At the Mandatory Status Conference, plaintiffs did not appear as directed, but their counsel was present. On February 19, 2019, the court ordered plaintiffs to show cause by March 1, 2019, as to why their case should not be dismissed with prejudice for their failure to attend the Mandatory Status Conference. *Again, the court warned that failure to show cause could result in dismissal of their case with prejudice pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.* [ECF No. 48]. Plaintiffs and their counsel filed separate responses to the show cause order. [ECF Nos. 49, 50]. In their response, plaintiffs acknowledged that they were aware of the Mandatory Status Conference, but did not adequately explain why their

failure to attend the Mandatory Status Conference should be excused. Instead, plaintiffs largely made bare assertions that Mrs. Sugg's health prevented her from traveling. [ECF No. 49]. Nowhere did plaintiffs explain why Mr. Sugg could not attend. As a result, the court entered an Order on May 29, 2019, directing plaintiffs to provide the court with a sworn affidavit from their physician that confirms the plaintiffs' assertions that Mrs. Sugg's inability to travel to the February 15, 2019, Mandatory Status Conference was due to her alleged ongoing health issues. In counsel's response to the show cause order, he stated that plaintiffs have refused to allow their attorney, Darren Wolf, to withdraw as counsel and that they refuse to retain new counsel. [ECF No. 50]. Thus, the court further ordered that Mr. and Mrs. Sugg state in writing to the court whether they have an attorney-client relationship with Mr. Wolf and whether they will consent to the withdrawal of Mr. Wolf as their counsel. [ECF No. 55]. Both documents were due June 12, 2019.

After the entry of this Order requiring plaintiffs to provide additional information to the court, there has been no activity on the docket. Plaintiffs' attempt to show cause was inadequate, and when given the opportunity to support their assertions, they failed to do so. The court finds that plaintiffs failed to show cause as to why they did not attend the Mandatory Status Conference. The court **ORDERS** that Johnson & Johnson, Ethicon, Inc. and Gynecare Worldwide are dismissed from this action with prejudice pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. The court further **ORDERS** that the John Doe defendants are dismissed from this action as nonentities. Any outstanding motions are **DENIED** as moot. The court **DIRECTS** the Clerk to close this case and strike it from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 4, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE